IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS CATENACCI, | ) |
| and | ) |
| DAILY CALLER NEWS FOUNDATION, | ) Civil Action No. |
| Plaintiffs, | ) |
| v. | ) |
| LORI LIGHTFOOT, in Her Official Capacity As Mayor of the City of Chicago, | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiffs Thomas Catenacci and Daily Caller News Foundation, by counsel and pursuant to 42 U.S.C. § 1983, bring this action against Defendant Lori Lightfoot, in her official capacity as Mayor of the City of Chicago, for violating their First Amendment rights and Catenacci's right to equal protection under the Fourteenth Amendment. As grounds therefor, Plaintiffs allege as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction of this lawsuit under 28 U.S.C. §§ 1331 and 1343(a)(3).

2. Venue is proper under 28 U.S.C. § 1391(b)(2).

1

**PARTIES**

3. Plaintiff Thomas Catenacci (hereinafter "Catenacci") is a national reporter for the Daily Caller New Foundation, assigned to cover labor issues, the U.S. economy, and American politics. Prior to the Daily Caller, he worked for CNBC and NBC News. He is a White male.

4. Plaintiff Daily Caller News Foundation (hereinafter "DCNF") is a 501(c)(3) non-profit organization providing original investigative reporting from a team of professional reporters that operates for the public benefit. DCNF's website reaches approximately three million unique monthly visitors and its content, which is available without charge to any eligible news publisher, is published by The Daily Caller, Yahoo News, Business Insider and a growing host of other media outlets, reaching a combined audience estimated in excess of 30 million readers.

5. Defendant Lori Lightfoot is the Mayor of Chicago. She is being sued in her official capacity.

**STATEMENT OF FACTS**

6. Mayor Lightfoot recently announced publicly that she is only granting interview requests from journalists of color.

7. Since making that announcement, Mayor Lightfoot has granted at least one interview request from a self-identified Latino reporter. In addition, Mayor Lightfoot has denied or failed to respond to interview requests from White reporters.

8. Like most news organizations, Plaintiff DCNF has regularly covered issues related to the pandemic, including how major cities across the country handled the pandemic as well as the pandemic's impact on those cities' economies.

9. As part of this coverage, on May 20, 2021, Plaintiff Catenacci requested, by email, a one-on-one interview with Mayor Lightfoot. Specifically, Plaintiff Catenacci sought to interview Mayor Lightfoot about how her administration plans to encourage more residents to receive the coronavirus vaccine, considering that less than 50% of the city's residents have been administered a single dose; why she believes Chicago is behind other major cities in their vaccination efforts; how her administration has handled the pandemic compared to other major U.S. cities; and how she plans to encourage residents to eat and shop locally as Chicago's vaccinated population grows.

10. Plaintiff Catenacci sent a follow-up email on May 21, 2021. He also sent a third email on May 24, 2021.

11. As of the date of this Complaint, Mayor Lightfoot's office has not responded to Plaintiff Catenacci's request nor has Mayor Lightfoot agreed to an interview with Plaintiff Catenacci. By failing to respond in a timely manner, Mayor Lightfoot has denied Plaintiff Catenacci's request.

12. On information and belief, Defendant is aware that Plaintiff Catenacci is not a "journalist of color," and Defendant has denied Plaintiff's interview request pursuant to her announcement that she will only grant interview requests from "journalists of color."

## COUNT ONE
### (42 U.S.C. § 1983 - First Amendment)

13. Plaintiffs reallege paragraphs 1 through 12 as if fully stated herein.

14. Defendant's denial of Plaintiff Catenacci's request to interview Defendant prevents Plaintiffs from "newsgathering" and "allowing citizens to see, examine, and be informed of their government." *John K. Maciver Inst. for Pub. Policy, Inc. v. Evers*, 2021 U.S. App. LEXIS 10220, *26-27 (7th Cir. Apr. 9, 2021).

15. Defendant, acting under color of Illinois law, has deprived and is depriving Plaintiffs of rights protected under the First Amendment to the U.S. Constitution by denying Plaintiff Catenacci's request to interview Defendant.

16. Plaintiffs are being irreparably harmed by reason of Defendant's deprivation of Plaintiffs' rights under the First Amendment, and Plaintiffs will continue to be irreparably harmed unless Defendant's unlawful conduct is enjoined.

17. Plaintiffs have no adequate remedy at law.

### COUNT TWO
### (42 U.S.C. § 1983 – Equal Protection)

18. Plaintiff Catenacci realleges paragraphs 1 through 17 as if fully stated herein.

19. Defendant, acting under color of Illinois law, purposefully discriminated against Plaintiff Catenacci because of his race by stating that she would only grant interview requests from "journalists of color," by granting an interview request from at least one Latino reporter, by denying interview requests from White reporters, and by specifically denying Plaintiff Catenacci's interview request.

20. Plaintiff Catenacci is being irreparably harmed by reason of Defendant's deprivation of his right to equal protection, and Plaintiff Catenacci will continue to be irreparably harmed unless Defendant's unlawful conduct is enjoined.

21. Plaintiff Catenacci has no adequate remedy at law.

WHEREFORE, Plaintiffs respectfully requests that the Court: (1) declare Defendant's conduct to violate Plaintiffs' First Amendment rights; (2) declare Defendant's conduct to violate Plaintiff Catenacci's right to equal protection; (3) enjoin Defendant from continuing to deprive Plaintiffs of their First Amendment rights; (4) enjoin Defendant from continuing to deprive Plaintiff Catenacci of his right to equal protection; (5) order Defendant to grant Plaintiff

Catenacci's request for an interview with Defendant; (6) grant Plaintiffs an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 42 U.S.C. § 1988; and (5) grant Plaintiffs such other relief as the Court deems just and proper.

\* \* \*

**PLAINTIFFS DEMAND A JURY TRIAL**

Dated: May 27, 2021                                   Respectfully submitted,

/s/ Paul J. Orfanedes
Paul J. Orfanedes (Ill. Bar No. 6205255)
Michael Bekesha
(*Pro Hac Vice* application forthcoming)
JUDICIAL WATCH, INC.
425 Third Street, S.W., Suite 800
Washington, DC  20024
Tel: (202) 646-5172
Fax: (202) 646-5199
porfanedes@judicialwatch.org

/s/ A. Christine Svenson
A. Christine Svenson (Ill. Bar No. 6230370)
SVENSON LAW OFFICES
505 N. LaSalle Street, Suite 350
Chicago, IL 60654
Tel: (312) 467-2900
christine@svensonlawoffices.com

*Counsel for Plaintiffs*

5