**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| THOMAS CATENACCI, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case Number: 21-cv-02852 |
| v. | ) | |
| | ) | Judge John Z. Lee |
| LORI LIGHTFOOT, in Her Official Capacity | ) | |
| As Mayor of the City of Chicago, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**<u>DEFENDANT'S STATUS REPORT</u>**

Defendant Lori Lightfoot, by and through her counsel Celia Meza, Acting Corporation Counsel of the City of Chicago, hereby submits this status report pursuant to the Court's order of June 7, 2021:

1.      On June 7, 2021, the Court held a hearing on Plaintiffs' Motion for Preliminary Injunction, Dkt. 7.  The preliminary relief sought by Plaintiffs is "that the Court preliminarily enjoin Mayor Lightfoot from continuing to deny Plaintiffs' interview request on the basis of Plaintiff Catenacci's race." Dkt. 7-1, at 11.

2.      During the hearing, counsel for Defendant informed the Court that they had orally, and through a subsequent letter, represented to Plaintiffs' counsel that the allegedly continuing conduct they seek to enjoin was not in effect.  <u>See</u> letter attached hereto at Exhibit A.

3.      As the letter further pointed out, the alleged conduct was, from its inception, expressly limited in duration – a point that is also clear from the exhibits that Plaintiffs themselves attach to their motion.  As announced by the Mayor in the May 19 letter invoked by Plaintiffs, the conduct was "on the occasion of the two-year anniversary of [her] inauguration" as

1

Mayor, Dkt. 7-2 at 6, which was May 20.   And another exhibit submitted by Plaintiffs characterized the conduct as "one time" and for "one day," Dkt. 7-2, at 16-17.

4.     For these reasons, counsel indicated that Plaintiffs' request for preliminary injunctive relief is moot, as the challenged conduct is not continuing.

5.     During the hearing on June 7, the Court directed counsel to submit a declaration regarding whether the challenged conduct is continuing.

6.     In accord with the Court's direction, we are hereby submitting the declaration of Kathleen LeFurgy, Communications Director to Mayor Lightfoot.  See Exhibit B hereto.

7.     As the declaration makes clear, the challenged conduct was in connection with one-on-one press interviews conducted at the time of Mayor Lightfoot's two-year anniversary as mayor, was limited in duration, and has ended.  See id. ¶ 8.  The declaration further makes clear that the challenged parameters used for granting one-on-one interviews were not in use when the Complaint was filed, that they have not been in use since then, and that there are no plans to use them in the future.  See id. ¶ 10.

8.     Because the conduct Plaintiffs seek to enjoin was, by design, of limited duration and has ended and is not continuing, their motion for preliminary injunction is moot and should be withdrawn, or if not withdrawn, then denied as moot.

 Dated:   June 11, 2021                    Respectfully submitted,

                                           CELIA MEZA,
                                           Acting Corporation Counsel for the City of Chicago

                                           By:      /s/   Peter H. Cavanaugh

                                           John Hendricks
                                           Andrew Worseck
                                           Peter Cavanaugh
                                           City of Chicago, Department of Law
                                           Constitutional and Commercial Litigation Division

2 North LaSalle Street, Suite 520
Chicago, Illinois 60602
(312) 744-6975, -7129, -0897

# EX. A



DEPARTMENT OF LAW
CITY OF CHICAGO

<u>**VIA E-Mail**</u>                                                                                                            June 4, 2021

Michael Bekesha, Esq.
Judicial Watch Inc.
425 Third Street, S.W., Suite 800
Washington, DC 20024
MBekesha@judicialwatch.org

Christine Svenson, Esq.
Svenson Law Offices
505 N. LaSalle Street, Suite 530
Chicago, IL 60654
christine@svensonlawoffices.com

<u>**RE:**</u>     *Thomas Catenacci, et al. v. Lori Lightfoot*, Case Number 21-CV-2852

Dear Michael:

      This letter will confirm the substance of our phone conversation on Wednesday, June 2, 2021, the purpose of which was to meet and confer regarding Plaintiffs' motion for preliminary injunction in the above referenced matter.  The previous day you informed us that the purpose of the motion was to enjoin the Mayor's Office from denying press interviews to Plaintiffs based on the race-based grounds alleged in the complaint.

      In our conference on June 2, we informed you that there is no policy or practice in place to make interview selection decisions based on the challenged grounds.  Moreover, we indicated that this was evident from the Mayor's statements and news coverage concerning using the anniversary of her second year in office to *encourage* gender and racial diversity in the ranks of Chicago media professionals.  While Plaintiffs base their claim on the Mayor's May 19, 2021, letter to the Chicago Press Corps, that letter states that "on the occasion of the two-year anniversary of my inauguration as Mayor of this great City, I will be exclusively providing one-on-one interviews with journalists of color."  It is clear from this that the challenged conduct was of limited duration and centered around a single event—the Mayor's two-year anniversary.

      Similarly, the following day, Reporter Craig Wall from ABC7 Chicago directly asked the Mayor about "the decision to grant black and brown journalists the one-on-ones on your two-year anniversary."  See https://twitter.com/i/broadcasts/1MYxNmPLNmXJw, at 31:11 – 31:18.  The Mayor's response once again made clear that there was no ongoing practice by clearly stating, "one day out of 365[.]"  See https://twitter.com/i/broadcasts/1MYxNmPLNmXJ,

Page 2

at 32:59 – 33:02. Additionally, the exhibits attached to Plaintiffs motion themselves characterize the conduct as "one-time," and for "one day." Id. Dkt. 7-2, at 16-17.

As these statements and our representations to you make clear, the relief requested in the motion for preliminary injunction – "that the Court preliminarily enjoin Mayor Lightfoot from continuing to deny Plaintiffs' interview request on the basis of Plaintiff Catenacci's race" – is moot, and litigating the motion would place unnecessary burdens on the City and the judiciary. The complaint as well as the preliminary motion are without merit and we ask that you immediately withdraw the motion.

Sincerely,

John L. Hendricks
Deputy Corporation Counsel
Constitutional and Commercial Litigation Division
City of Chicago Law Department
2 N. LaSalle Street Suite 520
Chicago, IL 60602
(312) 744-6975
john.hendricks@cityofchicago.org

# EX. B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS CATENACCI, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case Number: 21-cv-02852 |
| v. | ) | |
| | ) | |
| LORI LIGHTFOOT, in Her Official Capacity | ) | |
| As Mayor of the City of Chicago, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>DECLARATION OF KATHLEEN LEFURGY</u>

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1. My name is Kathleen LeFurgy. I am over 18 years of age. I have personal knowledge of the facts set forth in this Declaration, and if called upon to testify to those facts I could and would competently do so.

2. I am the Communications Director for the Office of the Mayor of Chicago, a position I have held since February 1, 2021. In my current role, I lead the Mayor's Press Office, which is responsible for all communications of the Mayor and Mayor's Office, including but not limited to, press communications; social media; and speechwriting. My duties include, but are not limited to, reviewing and approving press inquiries, including requests for interviews, and press statements; reviewing and approving remarks; and reviewing and approving social media content.

3. On May 19, 2021, and the morning of May 20, 2021, to commemorate the Second Anniversary of Mayor Lightfoot's inauguration as Mayor of Chicago, Mayor Lightfoot participated in a Press Tour (the "Press Tour") which consisted of eight one-on-one interviews, six on May 19, 2021, and two on May 20, 2021, with Mayor Lightfoot and members of the Chicago

Press Corp. All of the interviews that took place on May 19, 2021, were subject to a "press embargo," which means they were not to be publicly released until May 20, 2021.

4.      On the morning of May 19, 2021, prior to the Press Tour, the Mayor sent a letter, via the Mayor's Press Office, to members of the Chicago Press Corp stating, among other things, that "on the occasion of the two-year anniversary of my inauguration as Mayor of this great City, I will be exclusively providing one-on-one interviews with journalists of color."

5.      This statement was in reference to the Press Tour described above.

6.      Each of the interviews was scheduled for approximately 15 to 20 minutes, although some of them lasted longer.

7.      The subject of each interview was Mayor Lightfoot's two-year anniversary as Mayor of Chicago.

8.      The Press Tour was of limited duration, as described above, and has ended. The parameters used for the Press Tour, as set forth in the Mayor's May 19 letter, have not been used in any decision by the Mayor's Press Office regarding the granting of one-on-one interviews or other interviews or events with the press since the Press Tour.

9.      I have reviewed the Complaint in the above captioned matter that was filed on May 27, 2021.

10.     At the time the Complaint was filed, the parameters used for the Press Tour were not in use, they have not been used at any time since the filing of the Complaint, and there are no plans to use them in the future.

11.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury, that the foregoing is true and correct.

Executed this __11__ day of June, 2021.

Kathleen LeFurgy