IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS CATENACCI, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case Number: 21-cv-02852 |
| v. ) | Honorable John Z. Lee |
| ) | |
| LORI LIGHTFOOT, in Her Official Capacity ) | |
| As Mayor of the City of Chicago, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S**
**JOINT STATUS REPORT CONCERNING MOOTNESS**

Plaintiffs Thomas Catenacci and Daily Caller News Foundation, by counsel and pursuant to the Court's June 7, 2021 Order, submits this response to Defendant Mayor Lightfoot's assertion that Plaintiff's motion for a preliminary injunction is moot.

1. The burden of proving mootness is a heavy one and lies with the party asserting it. *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *United States. v. W.T. Grant Co.*, 345 U.S. 629, 632-33 (1953).

2. Mayor Lightfoot, through her communications director, admits that she discriminated against journalists on the basis of race. Declaration of Kathleen Lefurgy at ¶¶ 4, 5, and 8. She also admits discriminating against journalists on the basis of race on May 19, 2021 and May 20, 2021. *Id*. at ¶ 3. Although the Mayor now denies that any such discrimination

occurred after May 20, 2021, the scope and duration of her discriminatory actions are proper subjects for discovery.[1]

3. There is no dispute that Catenacci submitted his request for an interview on May 20, 2021, that Catenacci is not a "journalist of color," and that Mayor Lightfoot never granted or responded to Catenacci's interview request.

4. Mayor Lightfoot provides no evidence that her race-based criteria for granting interviews were not in effect when Catenacci submitted his request on May 20, 2021. She does not deny that her race-based interview criteria were applied to Catenacci on May 20, 2021. The declaration is silent as to Catenacci. Her communications director's testimony that the mayor's race-based criteria were "not in use" at the time the Complaint was filed and "have not been used at any time since the filing of the Complaint" is irrelevant. *Id*. at ¶ 10. The relevant date is the date Catenacci submitted his interview request, May 20, 2021, not the day he filed suit.

5. Mayor Lightfoot identifies no non-racial reason why she did not grant or even respond to Catenacci's May 20, 2021 interview request.

6. Mayor Lightfoot provides no evidence that events have "completely and irrevocably eradicated the effects" of her discriminatory actions. *Johnson v. Board of Education of Chicago*, 664 F.2d 1069, 1071 (7th Cir. 1981), *rev'd on other grounds*, 457 U.S. 52 (1982); *Milwaukee Police Association v. Jones*, 192 F.3d 742, 747 (7th Cir. 1999).

---

[1] Mayor Lightfoot claims for the first time that her race-based interview criteria were limited to a "Press Tour." She did not identify this alleged limitation in her May 19, 2021 letter or in various tweets and interviews, including a June 12, 2021 interview in which she called Plaintiffs' lawsuit "frivolous." *See* https://twitter.com/NewDay/status/1403340392175706115. Her attorneys also did not mention the alleged limitation in their two calls with Plaintiffs' counsel, their June 4, 2021 letter to Plaintiffs' counsel, which they attached as Exhibit A, or during the June 7, 2021 hearing. Such omissions suggest that the "Press Tour" is an after-the-fact explanation.

7. Plaintiffs continue to suffer irreparable injury because of Mayor Lightfoot's use of racially discriminatory criteria for granting interviews. Any subsequent voluntary cessation of the use of the discriminatory criteria does not remedy irreparable harm suffered while the criteria were in use. While other journalists may be relieved that Mayor Lightfoot has asserted that she will not discriminate against them on the basis of race going forward, the mayor's assertion that she has stopped discriminating on the basis of race does nothing to remedy the irreparable harm Plaintiffs suffered on May 20, 2021 and continue to suffer. And absent an injunction or other order of this Court, nothing compels Mayor Lightfoot from not discriminating on the basis of race in the future. A preliminary injunction is necessary to prevent continuing irreparable harm caused by Mayor Lightfoot's violation of Plaintiffs' First Amendment rights and Catenacci's right to equal protection.

\* \* \*

For all reasons stated above as well as in their motion for a preliminary injunction, Plaintiffs respectfully request their motion be granted and the Court preliminarily enjoin Mayor Lightfoot from continuing to deny Catenacci's May 20, 2021 interview request on the basis of Catenacci's race.

Dated: June 17, 2021

Respectfully submitted,

/s/ Christine Svenson
Christine Svenson (Ill. Bar No. 6230370)
SVENSON LAW OFFICES
505 N. LaSalle Street, Suite 350
Chicago, IL 60654
Tel: (312) 467-2900

/s/ Paul J. Orfanedes
Paul J. Orfanedes (Ill. Bar No. 6205255)

/s/ Michael Bekesha
Michael Bekesha (Admitted *Pro Hac Vice*)
JUDICIAL WATCH, INC.
425 Third Street, S.W., Suite 800
Washington, DC 20024
Tel: (202) 646-5172

*Counsel for Plaintiffs*

3

**Certificate of Service**

I certify that on this 17th day of June 2021, I also served by electronic mail Plaintiffs' Response to Defendant's Joint Status Report Concerning Mootness on:

>Andrew Worseck
>Chief Assistant Corporation Counsel
>City of Chicago Department of Law
>121 North LaSalle Street, Suite 600
>Chicago, IL 60602
>Andrew.Worseck@cityofchicago.org

>>/s/ Michael Bekesha
>>Michael Bekesha

4