**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **THOMAS CATENACCI and DAILY CALLER NEWS FOUNDATION,** | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| | ) | **No. 21 C 2852** |
| v. | ) ) | |
| | ) | **Judge John Z. Lee** |
| **LORI LIGHTFOOT, in Her Official Capacity as Mayor of the City of Chicago,** | ) ) ) ) | |
| **Defendant.** | ) | |

## ORDER

After reviewing the submissions by the parties, the Court denies Plaintiffs'
motion for preliminary injunction as moot for the reasons set forth below.

## STATEMENT

This action concerns the constitutionality of an alleged "recently announced"
policy or practice of Defendant Lori Lightfoot, in her official capacity as Mayor of the
City of Chicago, of granting interview requests exclusively to journalists of color. *See*
Compl. ¶¶ 5–6, ECF No. 1. Owing to this policy or practice, Plaintiffs Thomas
Catenacci, a white reporter, and the Daily Caller News Foundation, his employer,
allege that Lightfoot denied Catenacci's May 20, 2021, request for an interview by
failing to respond to it or to his follow-up emails of May 21 and May 24. *Id.* ¶¶ 3–4,
9–12. Bringing two counts under 42 U.S.C. § 1983, Plaintiffs allege that Lightfoot's
*de facto* denial of Catenacci's interview request because of his race violated the First
and Fourteenth Amendments of the United States Constitution. *Id.* ¶¶ 13–21.

Soon after filing their complaint, Plaintiffs moved for a preliminary injunction on June 2, 2021, against the alleged policy or practice  *See* Pls.' Mot. Preliminary Injunction, ECF No. 7.  At a hearing on the motion, however, Lightfoot's counsel stated that the policy or practice was no longer in effect, and the Court directed Lightfoot to file an update regarding the status of the policy or practice by June 11, 2021.  *See* 6/7/21 Min. Entry, ECF No. 15.  The Court also provided Plaintiffs with an opportunity to file a response to Lightfoot's contention that the cessation of the policy or practice made the preliminary injunction motion moot.

In Lightfoot's June 11 update, Kathleen LeFurgy, the Communications Director for the Office of the Mayor of Chicago, declares that the challenged policy or practice—which was announced in a May 19, 2021, letter from the Mayor's Press Office to members of the Chicago Press Corp—was limited to a two-day "Press Tour" held on May 19 and 20, 2021, to commemorate the second anniversary of Lightfoot's inauguration.  *See* Def.'s Status Report, Ex. B, K. LeFurgy Decl. ¶¶ 3–4, ECF No. 16 at 7–9.  LeFurgy further states that the temporary policy or practice was discontinued once the Press Tour ended on May 20, 2021, and that "there are no plans to use [its criteria] in the future."  *Id.* ¶ 8, 10.

Nonetheless, Plaintiffs filed a memorandum on June 17, 2021, arguing that their motion for preliminary injunction was still ripe for adjudication.  *See* Pls.' Resp. Def.'s Status Report, ECF No. 18.  Although Plaintiffs (who submitted no contrary evidence) appear to concede that Lightfoot's policy or practice of granting interviews exclusively to journalists of color is a thing of the past, they contend that its

2

discontinuation "does not remedy irreparable harm suffered while the criteria were in use" and that a preliminary injunction remains necessary "to prevent continuing irreparable harm caused by Mayor Lightfoot's violation" of their constitutional rights. *Id.* ¶ 7. This is incorrect.

Contrary to Plaintiffs' contention, the undisputed showing that Lightfoot's practice or policy of granting interview requests only to journalists of color ceased after May 20, 2021, moots their motion for preliminary injunctive relief. "To win a preliminary injunction, a party must show that it has (1) no adequate remedy at law and will suffer irreparable harm if a preliminary injunction is denied and (2) some likelihood of success on the merits." *Ezell v. City of Chi.*, 651 F.3d 684, 694 (7th Cir. 2011). The "forward-looking" nature of injunctive relief means that a plaintiff must show that he or she will suffer irreparable harm in the future as a result of an imminent or ongoing violation, absent the relief requested. *See Swanigan v. City of Chi.*, 881 F.3d 577, 583 & n.2 (7th. Cir. 2018); *see also United States v. Or. State Med. Soc.*, 343 U.S. 326, 333 (1952) (injunctions call for a "threat of future violation or a contemporary violation or a contemporary violation of a nature likely to continue or recur"); *Dombrowski v. Pfister*, 380 U.S. 479, 485 (1965) ("[I]njunctive relief looks to the future . . . ."). As the Supreme Court put it long ago, "[t]he sole function of an . . . injunction is to forestall future violations," not to remedy "those past." *Or. State Med. Soc.*, 343 U.S. at 333. It follows that solely "past conduct" like the sort at issue here is no basis for a preliminary injunction. *SEC v. Torr*, 87 F.2d 446, 450 (2d Cir. 1937);

*see also Alabama v. U.S. Army Corps of Engineers*, 424 F.3d 1117, 1133 (11th Cir. 2005). After all, in such cases, there is no conduct to be enjoined.

Plaintiffs' suggestion that Lightfoot's alleged denial of Catenacci's May 20, 2021, interview request amounts to a continuing violation of his constitutional rights is equally unpersuasive. "A continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation." *Diliberti v. United States*, 817 F.2d 1259, 1264 (7th Cir. 1987) (quoting *Ward v. Caulk*, 650 F.3d 1144, 1147 (9th Cir. 1981)). As their memorandum tacitly concedes, Plaintiffs can only show the latter—*i.e.*, the "continuing irreparable harm caused by Mayor Lightfoot's [past] violation." *See* Pls.' Resp. Def.'s Status Report ¶ 7. And, given the discontinuation of the policy or practice at issue, adjudicating whether and to what extent Lightfoot may be liable for her *past* conduct as to Catenacci is all that remains.

Accordingly, because Plaintiffs fail to establish that there is any ongoing or future conduct to be enjoined, their motion for preliminary injunction is denied as moot.

**IT IS SO ORDERED.**                    **ENTERED:  June 18, 2021**

_____
**John Z. Lee**
**United States District Judge**

4