IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS CATENACCI, <br><br> and <br><br> DAILY CALLER NEWS FOUNDATION, <br><br> Plaintiffs, <br><br> v. <br><br> LORI LIGHTFOOT, in Her Official Capacity As Mayor of the City of Chicago, <br><br> Defendant. | Case Number: 21-cv-02852 <br> Honorable John Z. Lee |

## AMENDED COMPLAINT

Plaintiffs Thomas Catenacci and Daily Caller News Foundation, by counsel and pursuant to 42 U.S.C. § 1983, bring this action against Defendant Lori Lightfoot, in her official capacity as Mayor of the City of Chicago, for violating Plaintiffs' First Amendment rights and Plaintiff Catenacci's right to equal protection under the Fourteenth Amendment. As grounds therefor, Plaintiffs allege as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction of this lawsuit under 28 U.S.C. §§ 1331 and 1343(a)(3).

2. Venue is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

3. Plaintiff Thomas Catenacci is a national reporter for the Daily Caller New Foundation, assigned to cover labor issues, the U.S. economy, and American politics. Prior to

the Daily Caller, he worked for CNBC and NBC News. He is a White male.

4. Plaintiff Daily Caller News Foundation is a 501(c)(3) non-profit organization providing original investigative reporting from a team of professional reporters that operates for the public benefit. DCNF's website reaches approximately three million unique monthly visitors and its content, which is available without charge to any eligible news publisher, is published by The Daily Caller, Yahoo News, Business Insider and a growing host of other media outlets, reaching a combined audience estimated in excess of 30 million readers.

5. Defendant Lori Lightfoot is the Mayor of Chicago. She is being sued in her official capacity.

## STATEMENT OF FACTS

6. On May 18, 2021, a Chicago reporter tweeted that Mayor Lightfoot's spokesperson informed her that the mayor "is granting 1 on 1 interviews – only to Black or Brown journalists." Mayor Lightfoot subsequently released a letter stating, "By now, you have heard the news that on the occasion of the two-year anniversary of my inauguration as Mayor of this great City, I will be exclusively providing one-on-one interviews with journalists of color." Neither Mayor Lightfoot nor her spokesperson suggested that the mayor's new, race-based interview policy was not permanent or identified any time limit on how long the mayor intended to use race-based criteria for granting interview requests.

7. Mayor Lightfoot's communications director subsequently testified that the mayor used race-based criteria for granting interview requests for interviews that were conducted on May 19 and May 20, 2021. The mayor's communications director also confirmed that on May 19 and May 20, 2021 Mayor Lightfoot only granted interview requests to "journalists of color" and did not grant any interview requests to White reporters.

8. Like most news organizations, Plaintiff Daily Caller News Foundation has regularly covered issues related to the pandemic, including how major cities across the country handled the pandemic as well as the pandemic's impact on those cities' economies.

9. As part of this coverage, on May 20, 2021, Plaintiff Catenacci requested, by email, a one-on-one interview with Mayor Lightfoot. Specifically, Plaintiff Catenacci sought and continues to seek to interview Mayor Lightfoot about how her administration plans to encourage more residents to receive the coronavirus vaccine, considering that less than 50% of the city's residents have been administered a single dose; why she believes Chicago is behind other major cities in their vaccination efforts; how her administration has handled the pandemic compared to other major U.S. cities; and how she plans to encourage residents to eat and shop locally as Chicago's vaccinated population grows.

10. Plaintiff Catenacci sent a follow-up email on May 21, 2021. He also sent a third email on May 24, 2021.

11. As of the date of this Amended Complaint, Mayor Lightfoot's office has not responded to Plaintiff Catenacci's request nor has Mayor Lightfoot agreed to an interview with Plaintiff Catenacci. By failing to respond in a timely manner, Mayor Lightfoot has denied Plaintiff Catenacci's request.

12. Mayor Lightfoot has not provided Catenacci with a non-racial basis for denying his interview request.

13. On information and belief, Defendant is aware that Plaintiff Catenacci is not a "journalist of color," and Defendant has denied Plaintiff Catenacci's interview request pursuant to her announcement that she will only grant interview requests from "journalists of color."

## COUNT ONE
## (42 U.S.C. § 1983 - First Amendment)

14. Plaintiffs reallege paragraphs 1 through 13 as if fully stated herein.

15. Defendant's denial of Plaintiff Catenacci's request to interview Defendant prevents Plaintiffs from "newsgathering" and "allowing citizens to see, examine, and be informed of their government." *John K. Maciver Inst. for Pub. Policy, Inc. v. Evers*, 2021 U.S. App. LEXIS 10220, *26-27 (7th Cir. Apr. 9, 2021).

16. Defendant, acting under color of Illinois law, has deprived and is depriving Plaintiffs of rights protected under the First Amendment to the U.S. Constitution by denying Plaintiff Catenacci's request to interview Defendant.

17. Plaintiffs are being irreparably harmed by reason of Defendant's deprivation of Plaintiffs' rights under the First Amendment, and Plaintiffs will continue to be irreparably harmed unless Defendant's unlawful conduct is enjoined.

18. Plaintiffs have no adequate remedy at law.

## COUNT TWO
## (42 U.S.C. § 1983 – Equal Protection)

19. Plaintiff Catenacci realleges paragraphs 1 through 18 as if fully stated herein.

20. Defendant, acting under color of Illinois law, purposefully discriminated against Plaintiff Catenacci because of his race by stating that she would only grant interview requests from "journalists of color," by granting interview requests from only "journalists of color" on at least May 19 and May 20, 2021, by denying interview requests from White reporters on at least those same days, and by denying Plaintiff Catenacci's interview request.

21. Plaintiff Catenacci is being irreparably harmed by reason of Defendant's deprivation of his right to equal protection, and Plaintiff Catenacci will continue to be irreparably

4

harmed unless Defendant's unlawful conduct is enjoined.

22. Plaintiff Catenacci has no adequate remedy at law.

WHEREFORE, Plaintiffs respectfully requests that the Court: (1) declare Defendant's conduct to violate Plaintiffs' First Amendment rights; (2) declare Defendant's conduct to violate Plaintiff Catenacci's right to equal protection; (3) enjoin Defendant from continuing to deprive Plaintiffs of their First Amendment rights; (4) enjoin Defendant from continuing to deprive Plaintiff Catenacci of his right to equal protection; (5) order Defendant to grant Plaintiff Catenacci's request for an interview with Defendant; (6) award Plaintiffs nominal damages; (7) grant Plaintiffs an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 42 U.S.C. § 1988; and (8) grant Plaintiffs such other relief as the Court deems just and proper.

\* \* \*

**PLAINTIFFS DEMAND A JURY TRIAL**

Dated: July 2, 2021

Respectfully submitted,

/s/ Paul J. Orfanedes
Paul J. Orfanedes (Ill. Bar No. 6205255)

/s/ Michael Bekesha
Michael Bekesha (Admitted *Pro Hac Vice*)
JUDICIAL WATCH, INC.
425 Third Street, S.W., Suite 800
Washington, DC 20024
Tel: (202) 646-5172

/s/ Christine Svenson
Christine Svenson (Ill. Bar No. 6230370)
SVENSON LAW OFFICES
345 N. Eric Drive
Palatine, IL 60067
Tel: (312) 467-2900

*Counsel for Plaintiffs*